## DeHOFF v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2192.   Decided Dec 19, 1932

J. B. Dworken, Cleveland, for plaintiff in error.

Don Isham, Prosecuting Attorney, Akron, and Geo. R. Hargreaves, Asst. Pros. Atty., Akron, for defendant in error.

PARDEE, PJ.

The plaintiff in error sets forth four alleged errors, to-wit: first, that the acts upon which the plaintiff in error was convicted, if they occurred, occurred in Stark County; second, that the court erred in admitting testimony as to occurrences between the plaintiff in error and said Ethel Cecil which happened in Stark County; third, that the court erred in not allowing the defendant to examine the jury as his attorney desired to do; and fourth, that the testimony of said girl was uncorroborated, as he claims is required by law.

We have carefully read the entire bill of exceptions.  From such examination we find that said Ethel Cecil had been adjudged a delinquent child by the Court of Common Pleas of said county, and she testified that on or about the 14th day of January, 1932, the day set forth in the affidavit, said plaintiff in error, with others, went to a hotel or rooming house in the city of Akron, where the said plaintiff in error and said minor stayed all night together, and at which time and place the said plaintiff in error had sexual intercourse with her.   She also testified that prior to said time the said plaintiff in error had contributed in other ways to her delinquency in Stark County, Ohio.

The record further shows that the testimony of said Ethel Cecil was corroborated in part by other witnesses and by circumstances, which show that she was in the hotel or rooming house on the day alleged,

and that the day was definitely fixed by a visit by her to a hospital in the city of Akron on the next day.

The record further shows that the plaintiff in error did not take the witness stand to deny the accusations made against him, and that Ethel Cecil's statements in regard to his misconduct are undenied.

From the evidence submitted, we find that the jury was right in finding the plaintiff in error guilty. · We further find that there is no prejudicial error in the record as to the examination of the jury or in the admission of evidence, or otherwise.

The judgment is therefore affirmed.

WASHBURN and FUNK, JJ, concur in judgment.